**Nasimbanu Raidhan BABY, Nassim Baby Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71623.

I & NS Nos. A72 009 402, A71 791 132.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[*]

Decided May 18, 2001.

Before NOONAN, SILVERMAN, Circuit Judges, and SEDWICK,[**] District Judge.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] The Honorable John W. Sedwick, United States District Judge for Alaska, sitting by designation.

MEMORANDUM ***

Baby, a Malawi native and citizen, and derivatively, her husband, a Mozambique native and Portuguese citizen, petition for review of the BIA's decision affirming an IJ's denial of her request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105(a), as amended by § 309(c)(4)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208,[1] and we deny the petition for review. Since the parties are familiar with the facts, we will not recite them in this decision.

■ We review the BIA's determination that Baby was not eligible for asylum for substantial evidence. *Sebastian–Sebastian v. INS*, 195 F.3d 504, 506 (9th Cir. 1999). To prevail, Baby must show that the evidence not only supports, but compels the conclusion that the BIA was incorrect. *Id.*

Substantial evidence supports the BIA's determination that Baby did not suffer past persecution. "[P]ersecution, not merely conditions of discrimination in the country of origin, must be shown before asylum will be granted." *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425 (9th Cir.1995) (internal quotations omitted). "Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution.'" *Id.*

■ Although deplorable, the widespread discrimination against Asian Malawians does not compel a finding that Baby suffered past persecution. Similarly, neither the theft of Baby's necklace nor her inability to close her bank account compels a finding of past persecution. *Cf. Korablina v. INS*, 158 F.3d 1038 (9th Cir.1998) (substantial evidence compelled finding of past persecution on account of religion where Jewish Ukranian suffered and witnessed violent attacks, received numerous death threats, was robbed and tied to a chair with a noose around her neck, had friends and her boss disappear after ultranationalist group attacks, had close family members who had suffered brutal attacks, was denied career advancement and admission to the institute of her choice, and provided evidence of the police's unwillingness to protect Jewish residents). *See also Lata v. INS*, 204 F.3d 1241, 1243 (9th Cir.2000) ("[A]n Indian Fijian who has suffered only a single isolated incident of harm, or very little cumulative harm, cannot prevail simply because many Indians face oppressive conditions."); *Prasad*, 47 F.3d at 339 (substantial evidence supported BIA's finding that ethnic Indian Fijian failed to establish well-founded fear of persecution despite brief detention, beating by Fijian authorities investigating his political activities, stoning of his house, and robbery attempts by ethnic Fijians).

■ Substantial evidence also supports the BIA's determination that Baby failed to prove a well-founded fear of future persecution. Baby's fear of returning to Malawi because of political instability is insufficient to establish asylum. *See Limsico v.*

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repeals 8 U.S.C. § 1105(a) and replaces it with a new judicial review provision codified at 8 U.S.C. § 1252. However the new provision does not apply to this case. IIRIRA §§ 306(c)(1), 309(a).

*INS,* 951 F.2d 210, 212 (9th Cir.1991) ("General conditions of unrest do not establish a well-founded fear of persecution."); *Rebollo–Jovel v. INS,* 794 F.2d 441, 448 (9th Cir.1986) (petitioner "must demonstrate that potential persecution would be directed at him as an individual," not merely that "political violence is widespread"). In addition, three of her siblings remain unharmed in Malawi. *See Cuadras v. INS,* 910 F.2d 567, 571 (9th Cir.1990) (asylum claim undermined where petitioner's family members remained unharmed).

Because Baby failed to establish her eligibility for asylum, she necessarily failed to establish a claim for withholding of deportation. *Ghaly,* 58 F.3d at 1429.

PETITION FOR REVIEW DENIED.